Commonwealth *v.* DeSimone, Appellant.

Submitted March 17, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*William J. Franks,* for appellant.

*A. J. Kuzdenyi,* First Assistant District Attorney, and *Joseph E. Kovach,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 23, 1969:

On September 15, 1940, John DeSimone was convicted, after trial by jury, of various offenses. He was sentenced on the same date and took no appeal. Appellant is now seeking post-conviction relief, asserting that (1) he was denied the right to appeal; (2) he was not given the effective assistance of counsel; and (3) he was denied the right to have counsel present at the time of the rendering of the verdict and at the time of sentence.

Appellant's present petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, as amended, 19 P.S. §1180-1 et seq., was filed on July 5, 1967. It was denied without hearing on July 10, 1967. The Superior Court affirmed per curiam, without opinion, on December 8, 1967. We re-

versed on the petition for allocatur on February 14, 1968, and remanded to the Court of Oyer and Terminer of Fayette County with instructions to appoint counsel to represent appellant in a post-conviction proceeding at which his eligibility for an evidentiary hearing and for other relief could be determined. Counsel was appointed on February 28, 1968, a hearing was held on March 27, 1968, and on August 26, 1968, appellant's petition was dismissed.

Appellant then filed this appeal.[1] Although it is not entirely appellant's fault,[2] appellant is in the wrong court. Section 11 of the Post Conviction Hearing Act allows a party aggrieved by an order under the Act to appeal to "the court having appellate jurisdiction over the original conviction." Section 7 of the Act establishing the Superior Court, Act of June 24, 1895, P. L. 212, 17 P.S. §§182, 183, provides that the Superior Court shall have exclusive appellate jurisdiction of all appeals from proceedings in the courts of quarter sessions and the courts of oyer and terminer and general jail delivery, except cases of felonious homicide. Since the instant case is not a case of felonious homicide, it is apparent that jurisdiction is in the Superior Court, not the Supreme Court.

Nor is the situation altered by the fact that we once granted allocatur in this case and remanded it. The case started anew when it went back for a hearing, and the appeal lies to the Superior Court, not the Supreme Court.

The case is remitted to the Superior Court.

---

[1] The Commonwealth states in its brief that "appellant filed an appeal from [the order of August 26, 1968] to the Superior Court, which shortly thereafter affirmed the lower court." Not an iota of support for this statement can be found in this record.

[2] The hearing court, in its order of August 26, 1968, directed the Clerk of Courts to return the entire record to the *Supreme Court* of Pennsylvania for further disposition.